UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THOMAS C. WILLIAMS, | : | Case No. 1:22-cv-164 |
| Plaintiff, | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| OHIO STATE TROOPERS, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Summit Behavioral Healthcare,[1] has filed a *pro se* civil rights complaint against Ohio State Troopers. (Doc. #1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §1915(e)(2)(B).

---

[1] Review of the Warren County, Ohio, Court of Common Pleas online docket indicates that plaintiff is facing criminal charges in Case No. 21-cr-38622. On January 26, 2022, the trial court issued an entry finding plaintiff incompetent to stand trial. Plaintiff was ordered committed to Summit Behavioral Healthcare on March 29, 2022. According to the court's online docket, a review hearing is set for June 23, 2022. Viewed at: http://clerkofcourt.co.warren.oh.us/BenchmarkCP/Home.aspx/Search. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

**Screening of Complaint**

  A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however,

the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff's entire complaint consists of the following allegations:

I was arrested on Oct. 20th till Mar. 23rd[.] From Oct. 20th to Mar. 1st after court on Jan. 25th till Mar. 1st I was at the Warren County Jail[.] They put me in Summit [B]ehavioral Healthcare and I have been here from Mar. 1st Mar. 23rd.

My Dip [N]o. 83-263.93.3976. /8/4/3/[.]

(Doc. #1, at *PageID* #5).

For relief, plaintiff seeks $3 million in damages and for defendants to return to him his "Chief Constituent Badge 107." (Doc. #1, at *PageID* #6).

**C.    Analysis**

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

The complaint's vague and conclusory allegations are insufficient to plausibly suggest that defendants violated plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66. Even liberally construing the complaint to assert an unlawful arrest claim against defendants, *see Erickson*, 551 U.S. at 94, plaintiff has failed to assert any allegations suggesting the invalidity of his arrest or his entitlement to any relief. *See id*. The complaint is therefore subject to dismissal.[2]

To the extent that plaintiff's complaint could be construed to assert a speedy-trial claim seeking a prompt trial, he may seek habeas corpus relief under 28 U.S.C. § 2241, after he has exhausted his available state remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981). *See, e.g.*, *Williams v. Kentucky*, No. 5:20-CV-450-GFVT, 2020 WL 7249033, at *2 (E.D. Ky. Dec. 9, 2020) ("To the extent that [the plaintiff] complains about the ongoing criminal prosecution against him (including his claims of a Speedy Trial violation), the relief he seeks is available only through habeas corpus.").

Accordingly, in sum, plaintiff's complaint should be dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Vessels v. Edison Police Dep't*, No. 15-2211, 2017 WL 519243,

---

[2]The undersigned notes that federal courts must decline to interfere with pending state proceedings involving important state interests in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is mandated where federal court intervention would "unduly interfere with the legitimate activities of the States." *Younger*, 401 U.S. at 44. Because plaintiff's vague and conclusory allegations fail to state a claim upon which relief may be granted, the Court need not reach the issue of whether abstention under *Younger* would be appropriate.

4

at *4 (D.N.J. Feb. 6, 2017) (dismissing conclusory false-arrest claim without prejudice).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

May 16, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| THOMAS C. WILLIAMS, | : | Case No. 1:22-cv-164 |
| Plaintiff, | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| OHIO STATE TROOPERS, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).