UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS C. WILLIAMS,

      Plaintiff,

v.

OHIO STATE TROOPERS,

      Defendant.

Case No. 1:22-cv-164
JUDGE DOUGLAS R. COLE
Magistrate Judge Silvain

### ORDER

This cause comes before the Court on the Magistrate Judge's May 16, 2022, Report and Recommendation ("R&R") (Doc. 4). The Magistrate Judge recommends that the Court dismiss without prejudice Plaintiff Thomas Williams' Complaint (Doc. 1). The R&R further recommends that the Court certify, pursuant to 28 U.S.C. § 1915(a), that any appeal of this Order would not be taken in good faith, thereby denying Williams leave to appeal in forma pauperis. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4) in full. The Court accordingly **DISMISSES** Williams' Complaint (Doc. 1) **WITHOUT PREJUDICE** and **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that any appeal of this Order would not be taken in good faith.

The R&R advised Williams that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 4, #28). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are

filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, here, Williams needed to object by May 31, 2022. He did not do so. Even now, over two months later, he has not objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

The R&R noted that, pursuant to 28 U.S.C. §§ 1915 and 1915A, Congress has authorized sua sponte dismissal of in forma pauperis complaints that are frivolous or malicious, or that fail to state a claim upon which relief may be granted. (Doc. 4, #24). Here, the R&R found that Williams' Complaint failed to state a claim under the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (*Id.* at #26). The entire Complaint consists of the following allegations:

> I was arrested on Oct. 20th till Mar. 23rd[.] From Oct. 20th to Mar. 1st after court on Jan. 25th till Mar. 1st I was at the Warren County Jail[.] They put me in Summit [B]ehavioral Healthcare and I have been here from Mar. 1st Mar. 23rd.
>
> My Dip [N]o. 83-263.93.3976. /8/4/3/[.]

(*Id.* at #25 (citing Compl., Doc. 1, #5)). According to the R&R, these "vague and conclusory allegations" failed to "plausibly suggest," as *Twombly* and *Iqbal* require, a violation of Williams' federal statutory or constitutional rights. (*Id.* at #26). The R&R alternatively noted that, if Williams meant to assert a claim for violation of his right to a speedy trial, relief for such a violation would be available only through a habeas petition under 28 U.S.C. § 2241, and only after he exhausted his available state remedies. (*Id.* (citing, among others, *Williams v. Kentucky*, No. 5:20-CV-450-GFVT, 2020 WL 7249033, at *2 (E.D. Ky. Dec. 9, 2020)).

On the Court's review of the record, there is no clear error in the Magistrate Judge's well-reasoned R&R. Williams' Complaint does not plausibly allege a violation of any federal statutory or constitutional right under color of state law.

Accordingly, the Court **ADOPTS** the R&R (Doc. 4) in full. The Court therefore **DISMISSES** Williams' Complaint (Doc. 1) **WITHOUT PREJUDICE** and **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that any appeal of this Order would not be taken in good faith. The Court further **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

    **SO ORDERED.**

August 9, 2022
**DATE**

    **DOUGLAS R. COLE**
    **UNITED STATES DISTRICT JUDGE**